UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA LEAP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:22-CV-0025 |
| | ) |
| KERMANS FLOORING LLC and | ) |
| DAVE SPERLING, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Debra Leap ("Leap"), brings claims against Defendants, Kermans Flooring LLC ("Company") and Dave Sperling ("Sperling", or collectively "Defendants"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"). Leap also alleges a violation of the Indiana Wage Deduction Statute, IC §22-2-6-1 et. seq. Leap pleads the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL") in the alternative.

## PARTIES

2. Leap is an individual who, at all relevant times, worked in Fishers, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Leap was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Leap was an employee as defined by I.C. §22-2-2-3.

3. Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Leap's work regularly involved commerce between states. Moreover, Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Defendant's business is located in Fishers, Indiana.

4. Sperling is a President of Company. In this capacity, Sperling is involved in or has oversight for the day-to-day operations of Company's Fishers, Indiana location. Sperling has the authority to make decisions regarding wage and hour issues policies and practices at his location. At all relevant times, Sperling shared responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Leap. As a result, Sperling is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. At all times hereinafter, Company has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over Leap's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana in Fishers, Indiana.

## FACTS

8.  Leap was hired by Company in or about March 2015. She worked as an Account Manager from March 2015 through October 2018. From approximately October 2018 through September 2019, she was asked to fill in as the Scheduling Manager. She returned to her Account Manager duties entirely – which involved scheduling for certain accounts – thereafter. She was still an Account Manager when she resigned her employment in late December 2021.

9.  Leap was required to work as many hours as necessary to meet the obligation of her position. From roughly January 1, 2019 through July 2021, she worked approximately fifty (50) hours per week on average. Beginning in July 2021, she would often work 12 hours each day, 7 days per week, to meet company/customer demands.

10. When Leap was employed as the Scheduling Manager, roughly 30% of her time was involved with management duties. The balance of her work day – performing Account Manager and Scheduling duties - accounted for the rest of her hours. Defendants treat treated the scheduling position as non-exempt.

11. In or about January 2021, Sperling approached Leap and required she sign a document acknowledging her position was non-exempt and that she would be paid hourly.

12. The nature of Leap's Account Manager position – e.g. the duties she performed – were not significantly different than when she performed the position ins 2019 or 2020.

13. Sperling made it clear that Leap was required to work all the hours she had historically worked but to officially clock in at 6:30 and clock out at 3:30. Leap – and other employees – were encouraged to set alarm clocks reminding them when they needed to officially clock in and out. Leap, like other employees, arrived at work early, stayed after 3:30 p.m., and worked nights and weekends.

14. Leap complained about not getting paid for all the hours she worked. Sperling took all of her work away until Leap acquiesced and starting clocking in and out per Sperling's direction.

15. Defendants deduct one hour from Leap's – and other hourly employees - pay calculation each day to account for a lunch period. Except on rare occasion, Sperling and other managers knew that Leap, like many others, worked at her desk through this period. Leap did not authorize a deduction of one hour per day to ostensibly account for her lunch period.

16. Sperling, on more than one occasion, thanked Leap for all the hours she was working. Defendants knew or should have known that Leap was working more than forty hours per week but was not getting paid for those hours.

17. Leap has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. Leap incorporates paragraphs 1 – 17 herein.

19. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

20. Leap was not paid at least time and one-half her regular rate for hours she worked in excess of forty (40) hours per week.

21. Leap was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE AND WAGE GARNISHMENT LAWS

22. Leap incorporates paragraphs 1 – 21 herein.

23. Leap pleads her Indiana minimum wage law claims in the alternative.

24. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Leap at time and one-half for each worked in excess of forty per week.

25. Defendants unlawfully deducted wages from Leap's checks when it deducted one hour per day (five hours per week) from Leap's paycheck without her authorization for a break she did not get.

26. Defendants' conduct is willful, reckless, or indifferent to Leap's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law, including laws that address unlawful wage deductions;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the overtime wage requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff